**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JUAN CARLOS O.A.,

Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; DAVID VENTURELLA, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; MARCOS CHARLES in his official capacity as Acting Executive Associate Director for ICE Enforcement and Removal Operations; DAVID EASTERWOOD, in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; ERIC TOLLEFSON, in his official capacity as Sheriff of Kandiyohi County,

Respondents.

Case No. 26-CV-3981 (NEB/DTS)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

---

This matter is before the Court on Petitioner Juan Carlos O.A.'s Petition for a Writ of Habeas Corpus seeking release from Immigration and Customs Enforcement ("ICE") custody or a bond hearing. (ECF No. 1 ("Pet.").) Juan Carlos O.A. is a citizen of Mexico who entered the United States without inspection more than 20 years ago. (Pet. ¶ 4.) Juan Carlos O.A. has since lived in the United States with his family, including one U.S. Citizen child. (Pet. ¶¶ 16, 17.)

On September 9, 2026, Juan Carlos O.A. was working at a construction site when ICE agents noticed a truck registered to him. (Pet. ¶ 18; ECF No. 7, at 2.) ICE performed a DHS records search, which suggested that Juan Carlos O.A. had no legal status in the United States and had three previous voluntary returns to Mexico. (ECF No. 7, at 2; ECF No. 8 ¶ 5.) The agents followed the truck until it stopped in front of a residence and then approached Juan Carlos O.A., who voluntarily confirmed his identity and that he had no legal status in the United States. (ECF No. 7, at 2; ECF No. 8 ¶ 5.) ICE conducted a warrantless arrest and detained Juan Carlos O.A. and took him to Fort Snelling for processing. (ECF No. 7, at 2–3; ECF No. 8 ¶¶ 6–7.) There, ICE issued and served a Notice to Appear (NTA), Form I-862 and Warrant for Arrest of Alien, Form I-200. (ECF No. 7, at 2–3; ECF No. 8 ¶¶ 6–7.) Juan Carlos O.A. was then transferred to Kandiyohi County Jail where he remains detained. (ECF No. 7, at 3–4.)

## ANALYSIS

### I. Warrantless Arrest

Respondents concede that Juan Carlos O.A.'s arrest was warrantless. (ECF No. 7, at 3, 15-18.) ICE can detain an individual under 8 U.S. Code Section 1225(b)(2) only if it "first compl[ied] with 8 U.S.C. § 1357(a)(2), which addresses federal immigration officials' authority to make warrantless arrests." *Francisco M.A. v. Blanche*, No. 26-CV-2032 (JRT/EMB), 2026 WL 1229701, at *3 (D. Minn. May 5, 2026); *see also Fernando C.C. v. Bondi*, No. 26-CV-1235 (LMP/JFD), 2026 WL 446408, at *2 (D. Minn. Feb. 17, 2026); *Jesus F.D.*, No. 26-CV-2486 (PJS/DTS), ECF No. 10 at 6–7.

Section 1357(a)(2) authorizes an immigration officer to effectuate a warrantless arrest of a noncitizen "if he has reason to believe that the alien so arrested is in violation of any [immigration] law or regulation *and* is likely to escape before a warrant can be

obtained for his arrest." 8 U.S.C. § 1357(a)(2) (emphasis added). Courts construe "reason to believe" to mean "constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

The Court agrees with Respondents that officers had reason to believe that Juan Carlos O.A. was in violation of immigration law at the time of his arrest, and Juan Carlos O.A. does not challenge this determination. (ECF No. 7, at 16; ECF No. 8 ¶ 5; Pet. ¶ 57.) Juan Carlos O.A. volunteered that he did not have legal status in the United States. (ECF No. 8 ¶ 5.) But that admission alone is not sufficient for Respondents to effectuate a warrantless arrest. Respondents must also have "reason to believe" that Juan Carlos O.A. "is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2).

Respondents argue they had probable cause to believe Juan Carlos O.A. was "likely to escape" for five reasons. First, Juan Carlos O.A. was in a truck with the ability to drive away. But courts have interpreted "likely to escape" as meaning "likely to evade detention by immigration officers." *Hussen v. Noem*, 822 F. Supp. 3d 944, 988 (D. Minn. 2026) (quoting *Moreno v. Napolitano*, 213 F. Supp. 3d 999, 1006-07 (N.D. Ill. 2016)). The question, therefore, is not just whether the person is likely to remain and be found at the location of the initial encounter but whether ICE will be able to arrest the person at "another clearly identifiable location." *Walther Ademir A. S. v. Blanche*, No. 26-cv-2804 (LMP/SGE), 2026 WL 1734906, at *3 (D. Minn. June 16, 2026) (quoting *Escobar Molina v. U.S. Dep't of Homeland Sec.*, No. 25-CV-3417 (BAH), 2026 WL 1256234, at *10 (D.D.C. May 7, 2026)). While access to a vehicle may make it less likely that someone may remain at the location of the encounter, it does not demonstrate a higher likelihood that ICE would be unable to arrest the person at "another clearly identifiable location." *Id.* Indeed, Juan Carlos O.A. cooperated with ICE by stopping his car and speaking with agents, which does not suggest a likelihood to escape. (ECF No. 9, at 4.) Respondents' second

reason—that he "appeared to be a healthy adult male capable of prompt movement"—fails for similar reasons because it relates only to potential ability to leave the initial encounter. (ECF No. 7, at 17.)

Respondents' third and fourth reasons are similar. They argue that Juan Carlos O.A. was "likely to escape" because he did not present any identity documents prior to his arrest; and therefore it was possible that he provided "unverifiable or suspected false information" about his identity and status. *Id.* But nothing in the record establishes that ICE ever asked Juan Carlos O.A. to present identification. (ECF No. 7, at 16-17; ECF No. 8 ¶ 4–6.) Instead, the record shows that he voluntarily and accurately identified himself. (ECF No. 7, at 2.) Moreover, ICE had been able to search and find Juan Carlos O.A.'s vehicle registration, which presumably listed an address. (ECF No. 7, at 2.) Respondents provide no evidence or argument suggesting that they would have been unlikely or unable to find Juan Carlos O.A. later at his registered address. *See Manuel P.N. v. Easterwood*, No. 26-CV-3799 (ECT/DJF), 2026 WL 2823650, at *2 (D. Minn. Sept. 21, 2026) (concluding that the petitioner was not "likely to escape" in part because there was a vehicle registered to him "and there is no record evidence to support that officers believed they could not locate [Petitioner] at his vehicle's registered address).

The Court finds Respondents' fifth and sixth reasons similarly unpersuasive. Lack of lawful status or noncompliance with immigration laws cannot on its own demonstrate that someone is "likely to escape." *See Francisco M.A. v. Blanche*, No. 26-CV-2032 (JRT/EMB), 2026 WL 1229701, at *3 (D. Minn. May 5, 2026). To conclude otherwise would essentially collapse the two prongs laid out in 8 U.S.C. § 1357(a)(2) into the one. *See id.*

The Court therefore concludes that Respondents did not have probable cause to conclude that Juan Carlos O.A. was "likely to escape" when they executed a warrantless

arrest. In similar situations when officers violate 8 U.S.C. § 1357(a)(2), courts have ordered immediate release as a remedy. *Ahmed S. v. Blanche*, No. 26-CV-2265 (KMM/DLM), 2026 WL 1998718, at *7 (D. Minn. July 10, 2026) (collecting cases). This Court will do the same.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Juan Carlos O.A.'s Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED; and

2. Respondents are ORDERED to release Petitioner Juan Carlos O.A. from custody by October 2, 2026. He must be released:

    a. Inside the State of Minnesota;

    b. At a safe time and place communicated in advance to counsel; and

    c. With all Juan Carlos O.A.'s personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys;

3. Respondents are further ORDERED to file a status update with the Court acknowledging the release of Petitioner with his personal effects;

4. The remainder of Juan Carlos O.A.'s Petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 30, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge